UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ARIANE SHELLING                                         CIVIL ACTION

VERSUS                                                        NO. 07-5729

STATE FARM FIRE & CASUALTY               SECTION: "C" (5)
COMPANY

ORDER AND REASONS

This matter comes before the Court on the issue of its subject matter jurisdiction in this removed action. Having considered the record, the memoranda and the law, the Court has determined that it lacks jurisdiction for the following reasons.

The plaintiff filed suit in state court for damages caused by Hurricane Katrina and allegedly due under her homeowner's policy. The defendant removed based on the Multiparty, Multiforum Trial Jurisdiction Act, 28 U.S.C. §§ 1369 and 1441(e)(1) ("MMTJA") and diversity. This Court has previously found that Hurricane Katrina was not an "accident" under the meaning of the MMTJA, and ruled that the MMTJA does not apply in Katrina cases. *Fidelity Homestead Assn. v. Hanover Insurance Co.*, 458 F.Supp.2d 276 (E.D.La. 2006). It also agrees with Judge Duval's subsequent analysis regarding whether the requisite deaths occurred at a discrete location, and finds that defendant here makes further no showing that they did. *See Case V.*

1

*ANPAC Louisiana Insurance Co.*, 2006 WL 3615064.

This Court ordered the parties to submit memoranda regarding whether there was at least $75,000 in controversy on the date of removal and the amount of money, if any, that the plaintiff received under her flood insurance policy for damage to the same property. Rec. Doc. 5. In her petition, the plaintiff demands the remaining policy limits, and though she does not expressly invoke it, her claim sounds under Louisiana's Valued Policy Law, La. Rev. Stat. §22:695 ("VPL"). In its memorandum on the jurisdictional amount, the defendant acknowledges that the policy limits are $107,862 for the building, $80,897 for contents, and actual loss sustained for loss of use, for VPL policy purposes. *See* Rec. Doc. 7. In the plaintiff's memorandum, she admits receiving $106,900 in flood insurance proceeds for structure and $21,900 for contents damage. *See* Rec. Doc. 6.

The parties may neither consent to nor waive federal subject matter jurisdiction. *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848 (5th Cir. 1999). Bare assertions by the removing party are insufficient to invest a federal court with jurisdiction. *Asociacion Nacional De Pescadores A Pequena Escala O Artesanales De Colombis (ANPAC) v. Dow Quimica De Colombia, S.A.*, 988 F.2d 559 (5th Cir. 1993), *cert. denied*, 114 S.Ct. 685 (1994). Instead, the Fifth Circuit advises the district courts that they should review their subject matter jurisdiction in cases such as this. *Id.*; *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999). In order to remain in federal court, the removing parties must prove by a preponderance of the evidence that the jurisdictional minimum exists. *Id.* This showing may be made by either: (1) demonstrating that it is facially apparent that the claims are likely above the jurisdictional minimum; or (2) setting forth the facts

in controversy that support a finding of the jurisdictional minimum.  *Id.*  It is the recognized burden of the party invoking jurisdiction "both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation."  *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 287, fn. 10 (1938), *citing McNutt v. General Motors Corp.*, 298 U.S. 178, 182-189 (1936); *Diefenthal v. Civil Aeronautics Board*, 681 F.2d 1039 (5th Cir. 1982), *cert. denied*, 459 U.S. 1107 (1983).  The jurisdictional facts supporting removal are examined as of the time of removal.  *See Gebbia v. Wal-Mart Stores, Inc.* 233 F.3d 880, 883 (5th Cir. 2000).

This Court has ruled that flood insurance recovery must be offset against any homeowners recovery under the VPL for present purposes.  *Glaser v. State Farm Fire & Casualty Co.*, 2007 WL 1228794 (E.D.La.).[1]  The amount remaining under the homeowner's policy, assuming it represents an accurate value of the insured property and that the property was a total loss, is less than the minimum amount in controversy required for diversity jurisdiction at the time of removal.[2]  Though the plaintiff also asserts claims for attorneys' fees and penalties

---

[1] In finding that the flood payment offset must be taken into account in determining whether the jurisdictional amount existed at the time of removal, this Court joins Judges Vance and Judge Zainey in recognizing the necessity of offset to avoid double recovery and to promote the policy behind the Valued Policy Law.  *Esposito v. Allstate Insurance Co.*, Civ. Act. No. 06-1837 "A" (Ap. 13, 2007); *Weiss v. Allstate Insurance Co.*, 3007 WL 892869; *Caruso v. Allstate Insurance Co.*, 2007 WL 625830 (E.D.La.); *Chauvin v. State Farm Fire & Casualty Co.*, 450 F.Supp.2d 660 (E.D.La. 2006).

[2] Here, if the total of the policy is considered offset by all payments made under the flood policy, the amount remaining under the policy is approximately $50,400.  If the payments under the flood policy are separated into payments for dwelling and contents, and then offset

under various Louisiana statutes, the amount that she might recover under such laws is entirely speculative.  The defendant does not point to, nor can the Court find, anything that would suggest otherwise.  Although the issue is a close one, it is the value of the plaintiff's claim, not the value of the underlying policy, that determines whether the jurisdictional minimum is satisfied.

The Court finds that the allegations of the petition alone do not support a finding that it is facially apparent that the claims are likely above the jurisdictional minimum because the remaining coverage is necessarily affected by any flood insurance payments.   The Court finds that the defendant has failed to meet its burden of proof under these circumstances.

The Court is mindful that removal jurisdiction is strictly construed.  *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941); *Brown v. Demco, Inc.*, 792 F.2d 478 (5th Cir. 1986); *Butler v. Polk*, 592 F.2d 1293 (5th Cir. 1979); C. Wright, A. Miller & E. Cooper, 14B *Federal Practice & Procedure: Civil*, §3721.  When subject matter jurisdiction is doubtful, remand is appropriate.  C. Wright, A. Miller & E. Cooper, 14C *Federal Practice & Procedure: Civil*, §3739.

Accordingly,  IT IS ORDERED that this matter be and hereby is **REMANDED** to the Civil District Court for the Parish of Orleans, State of Louisiana, for lack of jurisdiction under 28 U.S.C. § 1147(c).

New Orleans, Louisiana, this 8th day of November, 2007.

---

against the limits remaining under the homeowner's policy for each, $0 remains for the dwelling, and approximately $58,450 remains for contents.  Defendants point to nothing to suggest the actual loss of use would amount to the difference of those figures and $75,000.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE